2013 VT 20

## Jeanne Welch v. John Welch

[67 A.3d 956]

No. 12-184

Present: **Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.**

Opinion Filed March 8, 2013

386

*Sandra A. Strempel* of *Dinse, Knapp & McAndrew, P.C.*, Burlington, for Plaintiff-Appellee.

*Marsha Smith Meekins* of *Marsha Smith Meekins, LLC*, South Burlington, for Defendant-Appellant.

¶ 1. **Skoglund, J.** Defendant ex-husband appeals an order of the superior court, family division, finding him in contempt for failure to pay spousal maintenance as ordered. He claims that the court lacked jurisdiction to find him in contempt because he was not personally served with the underlying order upon which the finding of contempt was based, as required by statute and our case law. We affirm.

¶ 2. The parties divorced in December 1993. The stipulated final order required defendant to pay plaintiff ex-wife spousal maintenance in the amount of $600 per month until she remarried or died. Defendant defaulted on his payment obligations on several occasions over the next eighteen years and was found in contempt four times. On October 7, 2011, plaintiff commenced civil contempt proceedings under Vermont Rule for Family Proceedings 16, alleging that defendant failed to comply with a June 27, 2011 order compelling him to pay $3776 for spousal maintenance arrearage, interest, costs, and attorney's fees. The June 27, 2011

order stemmed from a motion for enforcement filed by plaintiff in January 2010.

¶ 3. On November 5, 2011, plaintiff personally served defendant with her October 7, 2011 motion for contempt along with a notice of hearing scheduled for November 29, 2011, and sent copies of the motion and proof of service to defendant's attorney, but did not include with the personal service to defendant a copy of the underlying June 27, 2011 order. The June 27, 2011 order had been sent, however, to defendant's attorney after it was entered at the conclusion of a hearing attended by both parties' attorneys. The June 27, 2011 order noted defendant's chronic failure to abide by the spousal maintenance order, but granted defendant an additional thirty days to produce copies of checks he claimed to have provided to plaintiff for spousal maintenance. When defendant failed to produce the copies as ordered, plaintiff filed her October 7, 2011 motion for contempt. On November 22, 2011, defendant's attorney sent to plaintiff's counsel a letter that included a $50 check identified as payment toward the June 27, 2011 judgment.

¶ 4. Neither defendant nor his attorney appeared at the scheduled November 29, 2011 hearing on the contempt motion. At the conclusion of the hearing, the court held defendant in contempt and issued a contempt order on December 6, 2011. The order required defendant to pay plaintiff the amount of the unpaid June 27, 2011 judgment — $3776 — plus costs, interest, and attorney's fees for a total judgment of $6451.

¶ 5. On January 6, 2012, defendant's attorney sent plaintiff's attorney two checks: $600 for current support and $3126 to be applied to the June 27, 2011 judgment. Defendant did not pay the amount due under the December 6, 2011 contempt order, claiming that the court did not have jurisdiction to enter the order. After notice to defendant, a mittimus hearing took place on January 17, 2012. Defendant did not appear at the hearing. His attorney made a limited appearance solely to dispute the court's jurisdiction to adjudicate the October 7, 2011 contempt motion, arguing that the court lacked jurisdiction because defendant had not been personally served with the June 27, 2011 order. The court rejected this argument, as well as defendant's follow-up motion for reconsideration, ruling that Vermont Rule of Civil Procedure 5 governed the form of service and required only that the order be sent to defendant's attorney, which it was.

¶ 6. On appeal, defendant argues that the court's ruling is erroneous because 12 V.S.A. § 122 and case law construing that statute do not allow a party to be punished for contempt unless that party was personally served with the order upon which the motion for contempt was based. According to defendant, the family court's ruling erroneously allowed a court rule to override a statute, in violation of 12 V.S.A. § 1, which states that court rules may not modify substantive rights provided by law.

¶ 7. The flaw in defendant's argument is that neither § 122 nor our case law construing the statute requires personal service — as opposed to other forms of service — upon a party of the underlying order before contempt may be found. Section 122 provides that when a party violates a court order "after service of the order upon that party, contempt proceedings may be instituted." Our case law confirms that service of the underlying order is a required prerequisite to a finding of contempt. See *Socony Mobil Oil Co. v. N. Oil Co.*, 126 Vt. 160, 163, 225 A.2d 60, 63 (1966) ("The requirement of service of the court order, provided for in 12 V.S.A. § 122 is merely a procedural prerequisite to the institution of contempt proceedings.").

¶ 8. Without question, § 122 and the case law construing that statute require service of the underlying order upon a party before the party can be found in contempt for violating that order, but neither the statute nor the case law purports to designate the form of service required. Indeed, when the Legislature intends to do so, it makes the form of service explicit. See, e.g., 4 V.S.A. § 466(e) (requiring "personal service" or service set forth in Vermont Rule of Civil Procedure 4(l) upon respondent with respect to child support petitions). Because § 122 is "merely a procedural prerequisite to the institution of contempt proceedings," *Socony*, 126 Vt. at 163, 225 A.2d at 63, § 1's prohibition against court rules imposing substantive changes of the law is inapplicable here.*

---

* Our decision in *Lyon v. Lyon*, 143 Vt. 458, 466 A.2d 1186 (1983), does not compel a different result. In *Lyon*, a divorce decree requiring the defendant to pay monthly child support and child support arrears was "mailed to counsel for the parties" but "was never personally served" on the defendant. *Id.* at 460, 466 A.2d at 1187. More than ten years later, the plaintiff petitioned for contempt and enforcement of the child support order. The trial court dismissed the petition for contempt because the defendant had not been served with the underlying order,

■ ¶ 9. Moreover, any issue of limitations on this Court's rulemaking power is controlled by Chapter II, § 37, of the Vermont Constitution, which gives this Court the primary authority to establish court practice and procedure, subject to revision by the Legislature. See *State v. O'Brien*, 158 Vt. 275, 279, 609 A.2d 981, 983 (1992). The Legislature has not, pursuant to that constitutional provision, acted to revise Vermont Rule of Civil Procedure 5.

¶ 10. As the superior court noted, the form of service for court orders and pleadings other than original complaints is addressed in, and governed by, Vermont Rule of Civil Procedure 5. Rule 5(a) generally requires that court orders "be served upon a party," and how that service may be accomplished is addressed in Rule 5(b). Whenever Rule 5(a) requires service to be made upon a party who is represented by an attorney, "the service shall be made upon the attorney unless service upon the party is ordered by the court." V.R.C.P. 5(b). Service may be accomplished by mailing a copy of an order to the attorney. *Id.*

¶ 11. It is undisputed in this case that the June 27, 2011 order upon which the October 7, 2011 contempt motion was based was mailed to defendant's attorney and that defendant's attorney received the order, as evidenced by the fact that a check, identified as a payment toward sums owed under the June 27, 2011 order, was sent to plaintiff's attorney. The form of the service of the June 27, 2011 order was proper under Rule 5.

■ ¶ 12. Moreover, defendant was properly served with plaintiff's October 7, 2011 contempt motion. Unlike service of court

---

but nonetheless entered judgment for the plaintiff for arrears owed by the defendant. The defendant appealed, arguing in relevant part that the trial court's reasoning for dismissing the contempt petition "should extend to the enforcement of judgments." *Id.* at 461, 466 A.2d at 1188. Citing *Socony*, we held that although the defendant was "correct in stating that a party who has not been served with an order may not be punished for *contempt*," there was "no legal support for his position that enforcement of support orders is predicated on the fact of service of the order." *Lyon*, 143 Vt. at 461, 466 A.2d at 1188 (emphasis added). Although *Lyon* unquestionably implies that § 122 requires personal service of the underlying order on the actual party and is not satisfied by mailing copies to a party's attorney, that is not the holding of the case. The plaintiff did not appeal the trial court's dismissal of her contempt petition, and thus the issue of whether the petition was erroneously dismissed was not before this Court. Moreover, *Lyon* merely relied upon *Socony*, which, as noted above, does not address the type of service required by § 122. Accordingly, *Lyon* is not an impediment to our holding today.

orders, service of motions to initiate contempt proceedings is governed by Vermont Rule for Family Proceedings 16(b)(2), which provides that the form of service is governed by Vermont Rule for Family Proceedings 4(j)(2). Rule 4(j)(2)(A) provides that service "shall be made upon the party, and not the party's attorney." In this case, plaintiff personally served defendant with her contempt motion through a sheriff in Wyoming. In short, defendant was properly served through his attorney with the underlying order, and plaintiff personally served defendant with the contempt motion. There was no error.

*Affirmed.*